IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRENT WILLIAM JACOBY, ) | |
| AIS 291560, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:22-CV-411-WHA-SMD |
| ) | |
| LT. PEAVY, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.    Introduction**

Plaintiff, an inmate proceeding pro se and in forma pauperis, is incarcerated at the Bullock Correctional Facility in Union Springs, Alabama. He filed this 42 U.S.C. § 1983 action while incarcerated at the Easterling Correctional Facility in Clio, Alabama.

This court has previously determined that Plaintiff has "three strikes" under 28 U.S.C. § 1915(g).[1] Under 28 U.S.C. § 1915(g), a prisoner is prohibited from bringing a civil action in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Such a prisoner who is not under imminent danger

---

[1] *See Jacoby v. Brundidge,* Case No. 2:19-cv-1062-WHA-CSC (M.D. Ala. February 24, 2020) (Order adopting December 30, 2019, recommendation to deny plaintiff's application to proceed in forma pauperis).

of serious physical injury "must pay the full filing fee at the time he *initiates* the suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). The Eleventh Circuit has held that a district court should dismiss a prisoner's complaint without prejudice when the court "denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g)." *Id*.

In the original complaint filed in this matter, Plaintiff acknowledged he is barred from bringing civil suits in forma pauperis but argued he met the exception to § 1915(g) because he was in "imminent danger." *See* Doc. 1 at 2, 10–15. The § 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g). To the extent Plaintiff' original complaint asserted an allegation which qualified for the exception to § 1915(g),[2] the court did not require Plaintiff to pay the full filing fee but granted him leave to proceed in forma pauperis and proceeded to screen the complaint under 28 U.S.C. § 1915(e)(2)(B). Docs. 3, 4.

On screening, the court found the complaint contained deficiencies and afforded Plaintiff an opportunity to file an amended complaint to correct those deficiencies.[3]

---

[2] In his original complaint Plaintiff challenged, among other things, the conditions of his confinement which appeared to meet the exception to § 1915(g).

[3] Because Plaintiff's complaint reflected characteristics of a shotgun pleading and asserted a host of unrelated claims, the court directed him to file an amended complaint which, *inter alia,* contained one claim and any closely related claim, named the individuals personally responsible for the alleged violations of his constitutional rights, and described what each defendant did that amounted to a violation of his rights. *See* Doc. 4 at 2–4. That order also informed Plaintiff that the amended complaint would supersede all previous complaints and proceed only against the defendants named and claims presented in the amended complaint. *Id.* at 3.

Plaintiff filed an amended complaint (Doc. 8) and subsequently filed a second amended complaint. Doc. 16. The second amended complaint is filed against individuals not named as defendants in the original complaint. Additionally, it does not present any allegations on which the court initially deemed it appropriate to grant Plaintiff IFP status. It therefore appears arguable that the grant of IFP status should be revoked and the case dismissed under § 1915(g). *See McLeod v. Sec., Fla. Dept. of Corr.*, 778 F. App'x 663, 665 (11th Cir. 2019) (unpublished) (holding that "[o]nce a district court has made an initial finding of imminent danger, it retains the authority to revisit that determination and revoke IFP status when new evidence bearing on the IFP determination comes to light"); *see also Burke v. St. Louis City Jails*, 603 F. App'x 525–26 (8th Cir. 2015) (per curiam) (holding that "[the] District Court should have considered whether [the plaintiff] met the imminent-danger exception when he filed his amended complaint, not when he filed his original complaint."); *Martin v. Shelton*, 319 F.3d 1048, 1051 (8th Cir. 2003) (reviewing an amended complaint to determine if the imminent-danger exception applied); *but see Bradford v. Usher*, 2019 WL 4316899 *2–4 (E. D. Ca. September 12, 2019) (observing that courts across the country have reached different conclusions regarding the time at which imminent danger should be measured). However, because none of the claims on which this matter is proceeding state a claim on which relief can be granted, the court finds this action is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**II.     Standard of Review**

Because the Court granted Plaintiff leave to proceed in forma pauperis (see Doc. 3), the amended complaint (Doc. 16) is subject to screening under 28 U.S.C. § 1915(e)(2)(B)

3

which requires a court to dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). A claim is frivolous if it "lacks and arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is also frivolous when the defendant is immune from suit, the claim seeks to enforce a right that clearly does not exist, or an affirmative defense, such as the statute of limitations, would defeat the claim. *Id.* at 327; *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The court may also dismiss a complaint, or any portion thereof, under 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § § 1915A(b)(1), for failure to state a claim upon which relief may be granted. To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In applying § 1915, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious

>claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). *See also* 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event as soon as practicable after docketing, … .").

### III.  Discussion

Plaintiff brings suit against Sergeant Borders and Lieutenant Peavy, correctional officers at Easterling. Doc. 16. He alleges that on or about May 28, 2022, he and inmate Tanner Faulkner were at the back of D Dorm at Easterling behind some sheets to "use the phone, drink some coffee, hangout, and smoke some cigarettes." *Id*. at 6. Within approximately 15 minutes Plaintiff began to feel sick and that he might pass out. *Id*. He then recalls "coming in and out of conscious [sic]" and thought he was dreaming but then realized inmate Faulkner was sexually assaulting him. *Id.* at 6–7.

Plaintiff reported the incident to Sgt. Borders who told Plaintiff he would get back to him after the inmate count was conducted and the yard closed but failed to do so. Doc. 16 at 7. Plaintiff also called Lt. Peavy, Easterling's compliance manager, to report the assault but states nothing was done and nobody sent Plaintiff to the medical unit or a rape center. *Id.* On May 29 or 30, 2022, Plaintiff made another call to report the rape and request an investigation. *Id.* at 7–8. On May 31, 2022, mental health personnel evaluated Plaintiff. *Id.* Mental health staff then contacted the medical unit and were informed that nothing could be done with any DNA evidence in Plaintiff's possession because more than 72 hours had passed since the incident occurred. *Id.*

Plaintiff brings suit against Defendants for: (1) failing to investigate his assault claim (2) failing to follow agency rules and procedures regarding an inmate report of sexual assault and (3) denying him the opportunity to press criminal charges against his assailant. Doc. 16 at 8. Plaintiff also alleges Defendants' conduct stemmed from his filing of § 1983 complaints against them and throughout the Alabama Department of Corrections. *Id.*

### A. Failure to Investigate

Plaintiff alleges Defendants' failure to investigate his report of a sexual assault and follow procedures regarding his report of the incident violated his rights under the Eighth and Fourteenth Amendments. Plaintiff's claim does not amount to an Eighth Amendment violation as the "failure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence." *Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir.2000); *Losey v. Warden*, 521 F. App'x 717, 719-720 (11th Cir. 2013) (holding that prisoner's allegation that two correctional officers failed to follow procedures regarding official count of inmates and thereby failed to protect him from rape by fellow inmate did not rise to the level of deliberate indifference and instead was at most only a form of negligence); *see also Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (explaining that "the protections of the Constitution . . . are just not triggered by lack of due care by prison officials."); *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (finding that a violation of the Eighth Amendment "must involve "more than ordinary lack of due care for the prisoner's . . . .safety").

Likewise, Plaintiff does not state a claim under the Fourteenth Amendment because "inmates do not enjoy a constitutional right to an investigation of any kind by government

6

officials." *Banks v. Annucci*, 48 F. Supp. 3d, 394, 414 (N.D. N.Y. 2014); *see also Torres v. Mazzuca*, 246 F. Supp.2d 334, 342 (S.D.N.Y. 2003) (prisoners have no due process right to an investigation of grievances). "The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago Cnty. Dep't. of Soc. Servs.*, 489 U.S. 189, 196 (1989). While § 1983 "provides a mechanism for enforcing a right or benefit established elsewhere," it does not in and of itself create a federal right or benefit. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985).

### B. Criminal Charges

Plaintiff complains that Defendants' failure to investigate his assault claim infringed on his right of access to courts by denying him the ability to obtain a criminal investigation into or prosecution against inmate Faulkner.[4] Plaintiff, however, has no protected legal interest in inmate Faulkner's criminal prosecution. A "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Nelson v. Skehan*, 386 F. App'x 783, 786 (10th Cir. 2010) (holding that plaintiff has no constitutional right to have a defendant prosecuted); *Napier v. Baron*, 198 F.3d 246, 1999 WL 1045169, *1 (6th Cir. 1999) (holding that "the district court properly dismissed [Plaintiff's] complaint as frivolous . . . [because] contrary to [his] belief, he does not have a constitutional right to have a particular person criminally

---

[4] Plaintiff bases his access to courts claim on the Sixth Amendment. The Sixth Amendment, however, governs the right to trial by jury in criminal prosecutions. U.S. Const. amend. VI.

7

charged and prosecuted."). Also, this Court has no authority to act as a prosecutorial entity therefore it has no jurisdiction to refer any defendant or individual to a federal agency for criminal prosecution. *See United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000) (explaining that "[t]he decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced.").

C.     **Retaliation**

Last, Plaintiff alleges Defendants' conduct in failing to investigate his claim of sexual assault and their failure to follow proper procedure upon being informed of the incident was motivated by his filing of lawsuits. Doc. 16 at 8. Plaintiff's assertion that Defendants' subjected him to retaliatory treatment for his prior litigation activity fails to adequately state a plausible claim for relief.

In order to state a viable claim under § 1983, Plaintiff must allege that the conduct complained of deprived him of rights, privileges or immunities secured by the Constitution or laws of the United States. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999); *Willis v. Univ. Health Servs. Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). The law is settled that retaliation by prison officials against an inmate for filing lawsuits can amount to a violation of the inmate's First Amendment rights. *See Wright v. Newsome*, 795 F.2d 964 (11th Cir.1986); *Farrow v West*, 320 F.3d 1235, 1248 (11th Cir. 2003). However, merely alleging the ultimate fact of retaliation is insufficient as are conclusory allegations of retaliation. *See Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984) (holding that "[i]n civil rights . . . actions, courts have recognized that more than mere conclusory notice

8

pleading is required. In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1266 (11th Cir. 2009), *overruled on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012), (stating that "in testing the sufficiency of the plaintiff's allegations, we do not credit . . . conclusory allegations as true"); *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 003) (explaining that because prisoner retaliation claims are prone to abuse, "we are careful to require non-conclusory allegations."); *see also Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) (holding that "a complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone.").

Here, Plaintiff claims Defendants failed to report and investigate his claim of an inmate assault and also lost his property containing inmate Faulkner's DNA evidence in retaliation for his prior litigation activity. Plaintiff acknowledges, however, that he was seen by both mental health and medical personnel regarding the assault and that he also still possessed his clothes containing DNA evidence. At most, Plaintiff appears to have done no more than juxtapose his litigation activity against a delay between the time he reported the assault to Defendants and when he was seen by prison medical providers about the incident. Further, other than his own conclusory and speculative assertions, Plaintiff identifies no facts or details supporting his contention that Defendants' acts or omissions were motivated out of retaliation for his conduct in filing unspecified prior lawsuits. *See Cain v. Lane*, 857 F.2d 1139, 1143 n. 6 (7th Cir. 1988) (quotation marks and citation omitted) (holding that "[t]he relevant showing . . . must be more than the prisoner's

9

personal belief that he is the victim of retaliation."). Plaintiff therefore has failed to assert any non-conclusory allegations that would allow the court to plausibly infer a retaliatory motive (or act) on the part of the named defendants. Where, as here, the pleaded facts "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not shown—that the pleader is entitled to relief." *Iqbal*, 556 US. at 679 (internal quotation marks omitted).

## V.     Conclusion

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS as follows:

1. Plaintiff's claims against Defendants regarding a failure to investigate and pursue criminal charges be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

2. Plaintiff's claim of retaliation be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

3. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i–ii).

It is ORDERED that by **March 2, 2023**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions

contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Tr. Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 16th day of February, 2023.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE